**UNITED STATES of America,**
**Appellee,**

v.

**Danny MERCEDES, also known as**
**Danny Mercedez, Defendant,**

**Roque Aviles, Defendant–Appellant.**

**Docket No. 02–1002.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2002.

Jorge Guttlein, Aranda & Guttlein, New York, NY, for Appellant.

Miriam H. Baer, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (James B. Comey, United States Attorney, and Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

Present VAN GRAAFEILAND, JACOBS, and POOLER, Circuit Judges.

Roque Aviles appeals from a judgment of conviction entered on December 19, 2001 in the United States District Court for the Southern District of New York (Schwartz, J.). Aviles pleaded guilty to one count of conspiracy to distribute sham cocaine in exchange for government funds, in violation of 18 U.S.C. § 371. Aviles was sentenced principally to a prison term of twelve months and one day, to be followed by a three-year term of supervised release. Aviles challenges (1) the district court's denial of a two-level downward adjustment for minor role in the offense under United States Sentencing Guideline § 3B1.2(b), and (2) the district court's purported consideration of his criminal history as a factor in denying the minor role adjustment. We affirm.

I.

On May 21, 2001, Roque Aviles pleaded guilty to one count of conspiracy to distribute sham cocaine in exchange for government funds. Aviles's involvement with this conspiracy began and ended on October 26, 2000. On that day, co-defendant Danny Mercedes revealed to Aviles that he planned to sell fake cocaine to someone who, unbeknownst to the conspirators, was working with the Drug Enforcement Agency (DEA) as a confidential informant. Mercedes had met with the informant once before, and they had spoken by telephone a few times to arrange the transaction.

Aviles agreed to drive Mercedes to the prearranged meeting with the informant in exchange for a portion of the proceeds of the "sale."

When Mercedes and Aviles arrived at meeting site, Mercedes directed Aviles to leave and pick up a third man identified as "Shorty." Mercedes told the informant that he did not bring the cocaine with him because he needed assurance that the informant brought the money. The informant then motioned to an undercover police officer, who arrived and displayed to Mercedes a bag containing approximately $46,000 in government funds. Satisfied, Mercedes placed a call on his cell phone to Aviles, who then drove back to the meeting place with Shorty as his passenger. Shorty was in possession of two bags that Aviles assumed contained either drugs or the sham cocaine.

Upon arrival at the site, Shorty left Aviles's van, walked toward Mercedes and the informant, and indicated that his bags contained the two kilograms of cocaine that Mercedes had agreed to sell. At that point, DEA agents moved in to arrest Mercedes, Aviles, and Shorty.[1] After his arrest, Aviles was informed of his *Miranda* rights and admitted that he, along with Mercedes and Shorty, had planned to steal the informant's money by exchanging sham cocaine for the $46,000.

At sentencing on December 14, 2001, Judge Schwartz denied Aviles's request for a reduction of his offense level for allegedly playing either a minimal or a minor role in the offense. Aviles characterized his role as solely "dropping someone off and being a gofer."

Judge Schwartz found:

Here, as you analyze the facts, although Mr. Aviles did not deal directly with the confidential informant, that is, the purchaser of these sham drugs, he nonetheless played an important role at every stage of the proceedings and remained involved in this crime to the very end. He even brought back another co-conspirator to the meeting and was in this clearly for the financial reward that his other conspirators, his co-conspirators, were interested in it for.

The result is that I do not find that he is entitled to a reduction for his role either of four levels or two levels based on what the facts are and the circumstances that I have described. Mr. Aviles was involved in this crime from beginning to the end, with knowledge and his participation was important to, I believe, the completion of what the conspiracy's object was.

After denying the request for a downward departure, the district court stated that "[t]he case is further complicated by the fact that this defendant has a substantial record for the limited amount of years that he has been an adult." Judge Schwartz then briefly described the nature of Aviles's previous criminal history before addressing and rejecting Aviles's other sentencing arguments.

## II.

■ Aviles first contends that the district court erred by refusing to grant a two-point downward departure for his allegedly minor role in the offense pursuant to Sentencing Guideline § 3B1.2(b).

Guideline § 3B1.2(b) provides: "If the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S. Sentencing Guidelines Manual § 3B1.2(b) (2001). This adjustment is available for a defendant "who is less cul-

---

1. Mercedes was arrested, but fled after his release on bail. Shorty was never appre- hended and his two bags were not recovered.

pable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2, cmt. n. 5.

"We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Castaño,* 234 F.3d 111, 113 (2d Cir.2000). Aviles urges that the district court's statement that Aviles "played an important role at every stage of the proceedings" is clearly erroneous because the record is plain that Aviles did not enter the conspiracy until after Mercedes had completed the preliminary arrangements with the informant.

Aviles reads the district court's statement out of context. Only a few breaths earlier, Judge Schwartz acknowledged that "Mr. Aviles did not deal directly with the confidential informant." From our review of the record, we are confident that the district court correctly gauged the extent of Aviles's involvement in the conspiracy.

Aviles does not challenge the rest of the district court's factual findings, and advances no other basis for contesting its legal conclusion other than directing us to his Presentence Report, which recommended a minor role adjustment because Aviles served a "limited function" in the offense. It is the district court's conclusion that is pertinent, however, and after review, we find no clear error. Aviles was indispensable to the necessary illusion of an actual cocaine sale. By driving Mercedes to the meeting site and then retrieving Shorty and the two bags, Aviles made it possible for the conspirators to keep the putative drugs offsite until Mercedes could confirm that the informer brought the required funds. This multi-step process is familiar in drug transactions, and Aviles thus helped sustain the illusion necessary to complete the fraud. The district court was on solid ground in calling Aviles's role "important." *Cf. United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990) (per cu-

riam) (rejecting argument that drug couriers are automatically entitled to minor role adjustment and noting that "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds").

Aviles's final challenge is that the district court improperly relied on his prior criminal history in determining that the minor role adjustment was unwarranted. A fair reading of Judge Schwartz's comments, however, makes clear that he discussed Aviles's criminal history only after completing his thorough evaluation of Aviles's entitlement to the role adjustment.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**